## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| DALLAS D. BERRINGER,<br><br>Plaintiff,<br><br>vs.<br><br>KJ ENTERPRISE, LLC,<br><br>Defendant. | **Superior Court Case No. CV0957-19**<br><br>**DECISION AND ORDER RE DEFENDANT'S MOTION FOR RECONSIDERATION** |

Defendant KJ Enterprise, LLC asks the Court to reconsider its April 15, 2020 Decision and Order based on "error based upon the law and manifest failure to consider material facts." Mot. at 2 (Apr. 24, 2020). It argues that Plaintiff Dallas D. Berringer has no right of appeal from a Small Claims Judgement and it is therefore "a violation of the rules to permit Plaintiff to amend his Complaint to increase the amount of his ad damnim [sic] beyond the original claim." Mot. at 3. KJ Enterprise also contends that the Court erred in denying KJ Enterprise's Motion to Dismiss because Berringer's service was defective, and as such, the Court lacks personal jurisdiction over KJ Enterprise. Mot. at 3-4.

A court may reconsider a prior order based on a manifest showing of the court's failure to consider material facts presented to it, where the court committed clear error, or if the decision was manifestly unjust. CVR 7.1(i); *Ward v. Reyes*, 1998 Guam 1 ¶ 10. "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." CVR 7.1(i).

KJ Enterprise cites no authority or new facts demonstrating that the Court's decision was manifestly unjust or that it committed clear error. Instead, it repeats many of the same arguments from its original Motion to Dismiss. As KJ Enterprise correctly states and stated in its original Motion to Dismiss, Berringer has no right to appeal from a Small Claims Judgment. However, Berringer did not appeal his Small Claims Judgment--KJ Enterprise appealed. In doing so, it commenced a trial de novo. MR 5.1.31. In a new trial, a party may file an amended complaint under Guam Rule of Civil Procedure 15, which Berringer chose to do. Dec. and Order at 5 (Apr. 15, 2020).

This Court has similarly already adjudicated on the issue of Berringer's defective service--it found that although Berringer did not prove his original service of process was valid, it was more appropriate to quash service and allow Berringer to re-serve his pleading rather than dismiss the case. Dec. and Order at 4-5. Again, KJ Enterprise presents no authority or new facts to show that the Court should reconsider its decision because it committed clear error or because its decision was manifestly unjust.[1]

KJ Enterpise's Motion for Reconsideration is therefore DENIED.

SO ORDERED this 04th day of June 2020.

**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

Appearing Parties:

        Dallas D. Berringer, *pro se*
        Gary Wayne Francis Gumataotao, Law Offices of Gumataotao & Pole,
        P.C., for Defendant KJ Enterprise, LLC

---

[1] KJ Enterprise also argues that Berringer should be held to the same standards as a lawyer despite his status as a *pro se* litigant and that the Court has a duty to maintain impartiality. Mot. at 5-7. The Court maintains that it holds Berringer to the same standards as a lawyer and notes that "[u]nfavorable judicial rulings do not in themselves call into question the impartiality of a judge." *United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir.2006).